276 So.2d 682 (1973)
Bobby Joe McMinn
v.
NEW HAMPSHIRE INSURANCE COMPANY and Indiana Lumbermens Mutual Insurance Company.
No. 47103.
Supreme Court of Mississippi.
April 16, 1973.
Charles C. "Cliff" Finch, D. Briggs Smith, Jr., M. Collins Bailey, Richard T. Phillips, Batesville, for appellant.
*683 Crisler & Crisler, John H. Downey, Jackson, Brewer, Luckett & Shackelford, Jon M. Barnwell, Clarksdale, for appellee.
RODGERS, Presiding Justice.
The appellant here, Bobby Joe McMinn, filed a declaration in the Circuit Court for the second Judicial District of Panola County, Mississippi, in which he alleged that he was injured in an automobile accident on June 26, 1971. He further alleged that Xavier Stevens, the operator of the other automobile involved in the collision, negligently caused the accident; and that the automobile driven by Stevens was owned by James F. Sossaman. The Sossaman automobile was insured by Preferred Risk Mutual Insurance Companies for automobile liability insurance in a sum not to exceed five thousand dollars ($5,000.00). This insurance company paid the plaintiff McMinn the full coverage of five thousand dollars ($5,000.00). The appellant was severely injured, and it is alleged that his damages were in excess of twenty-five thousand dollars ($25,000.00).
The plaintiff further alleged that at the time of the accident he was insured under the terms of another insurance policy issued to James L. McMinn by New Hampshire Insurance Company which also contained an uninsured motorist coverage clause.
He further alleges that he (the plaintiff) was insured under a policy of insurance with the Indiana Lumbermens Insurance Company issued to him in which there was also an uninsured motorist clause.
The plaintiff then prayed for judgment against both insurance companies for the full coverage of five thousand dollars ($5,000.00) from each insurance company on the theory that the insurance carried by the person who caused the accident was insufficient to adequately pay the plaintiff for the damages suffered and that he was, therefore, an uninsured motorist within the meaning of the statute.
The insurance companies filed demurrers to the declaration upon the ground that the declaration failed to state a cause of action against either of the defendants since there is no allegation that the accident was caused by an uninsured motorist.
The trial judge sustained the demurrers and upon refusal of plaintiff to amend, the court granted final judgment in favor of defendants. The appellant has appealed to this Court and now contends that he is entitled to recover against the appellee insurance companies because the person who caused the accident in which he was injured did not have sufficient insurance to cover appellant's damage and was, therefore, "uninsured" as to the excess damage over and above the amount of the policy of insurance carried by the person causing the accident.
We have carefully considered the authorities submitted by all parties, and we have reached the conclusion that the trial court was correct in sustaining the demurrers for the reasons hereafter expressed.
The New Hampshire Insurance Company policy mentions an uninsured motorist. It is said therein that the company will pay an insured all sums which he "... shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury ... caused by accident arising out of ownership, maintenance, or use of such uninsured automobile... ."
The Indiana Lumbermens Mutual Insurance contract mentioned above has this to say with reference to an uninsured motorist in Part IV  Family Protection coverage:
"`Uninsured Automobile' includes a trailer of any type and means: (a) an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability *684 bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile... ."
It is true, as pointed out by the appellant, that the Mississippi statute controls and that a policy of insurance cannot cut down on the coverage the statute is intended to require by including clauses attempting to limit the statutory requirements. Harthcock v. State Farm Mutual Automobile Ins. Co., 248 So.2d 456 (Miss. 1971); see Section 8285-51, Mississippi Code 1942 Annotated (Supp. 1972). But  did the legislature intend to require the insurance companies to pay the amount specified under uninsured motorist clauses where the party who causes the accident had automobile liability insurance in the amount specified in the statute?
The pertinent parts of Section 8285-52, Mississippi Code 1942 Annotated (Supp. 1972) are in the following language:
"... `[U]ninsured motor vehicle' means a motor vehicle as to which there is (1) no bodily injury liability insurance ... with limits less than the amounts specified in Section 1 [§ 8285-51], but it will be considered uninsured only for that amount between the limit carried and the limit required in Section 1 [§ 8285-51], (2) there is such insurance in existence but the insurance company writing the same has legally denied coverage thereunder, or is unable, because of being insolvent at the time of, or becoming insolvent during the twelve (12) months following, the accident, to make payment with respect to the legal liability of its insured within the limits specified in said Section 1 [§ 8285-51], or (3) there is no bond or deposit of cash or securities in lieu of such bodily injury and property damage liability insurance or other compliance with the State Financial Responsibility Law. * * *" Section 8285-52, Miss.Code 1942 Ann. (Supp. 1972)
The applicable part of Section 8285-51, Mississippi Code 1942 Annotated (Supp. 1972) mentioned in the foregoing section is as follows:
"No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Act, as amended, under provisions approved by the Commissioner of Insurance. * * *" (Emphasis added) Section 8285-51, Miss.Code 1942 Ann. (Supp. 1972)
This Code section does not mean, however, that the uninsured motorist clause applies to an accident where the motorist who causes the accident has automobile liability insurance within the limits required by the Motor Vehicle Safety Responsibility Act.
At the time of the accident, July 6, 1971, the limit required under the Motor Vehicle Safety Responsibility Act (Section 8285-01, Miss.Code 1942 Ann. [1956]) was five thousand dollars ($5,000.00) because of bodily injury to or death of one person in any one accident, and limited to ten thousand dollars ($10,000.00) because of bodily injury or death of two or more persons in any one accident. The amounts required by statute were changed by Ch. 349, § 1, [1972] Miss.Gen.Laws 375, at 377.
This precise question has not been presented to this Court heretofore. The Harthcock case (248 So.2d 456 [Miss. 1971]) cited by appellant, is not applicable here, because in that case the insurance carried by the insured did not cover a passenger, and, therefore, there was an "uninsured motor vehicle" involved within the meaning of the statute. We do not believe *685 the cases cited by appellant are applicable here.
Other state courts have dealt with this question, and, although their statutes may not be exactly in the phraseology of our statute, nevertheless, they are persuasive and enlightening.
The definition of an "uninsured motor vehicle" is generally described by the authorities as being one which has no insurance "applicable to the accident" or "applicable at the time of the accident." Annot., 26 A.L.R.3d 883, at 887-888 (1969).
Perhaps the general definition expressed in 12 G.Couch, Cyclopedia of Insurance Law § 45:632, at 574 (2d ed. 1964) is more exact: "In an uninsured motorist provision, an `uninsured automobile' is ordinarily defined to include motor vehicles with respect to which neither the owner nor the operator carries bodily injury liability insurance, and `hit-and-run' automobile(s)" [insurance]. (Parenthesis added) See also Annot., 79 A.L.R.2d 1252 (1961).
We do not consider it necessary to cite the many authorities set out in 43 Words and Phrases Uninsured Motorist at 484-485 (1969); 7 Am.Jur.2d Automobile Insurance § 136, at 462 (1963); or Annot., 79 A.L.R.2d 1252 (1961) because the definitions mentioned in these authorities as to the meaning of "an uninsured motorist" depend upon the wording of the compulsory statute wherein "uninsured motorist" clauses are required. However, a check of these cases indicates that most, if not all, of the cases cited in these authorities show that the motorist causing the accident was "uninsured", or that his insurance coverage was insufficient to meet the standard requirement of the motor vehicle responsibility acts of the various states, or for other reasons the motorist's insurance policy did not cover the particular accident, or that the owner or operator of the motor vehicle causing the accident was unknown.
We must conclude, therefore, that there is no "uninsured motorist" involved in the instant case, since the motorist causing the accident had insurance in compliance with Section 8285-01, Mississippi Code 1942 Annotated (1956) and Ch. 524, § 1 [1966] Miss.Gen.Laws 978. Moreover, the plaintiff actually collected the full amount of this insurance.
The judgment of the trial court sustaining the demurrers and the final judgment thereon, is hereby affirmed.
Affirmed.
PATTERSON, SMITH, SUGG and BROOM, JJ., concur.