Theodis **HERROD**, Woodrow Foster, George Spearman, Leo Welch, Sr., Robert L. Mayes, and O.V. McGuirt, Plaintiffs,

v.

**NATIONAL INDEMNITY COMPANY**, Defendant.

No. WC85–241–NB–D.

United States District Court, N.D. Mississippi, W.D.

Sept. 9, 1986.

Cliff R. Easley, Jr., Bruce, Miss., for plaintiffs.

Thomas C. Gerity, Jackson, Miss., for defendant.

### MEMORANDUM OPINION

BIGGERS, District Judge.

This cause came before the court on the motions for judgment on the pleadings or alternatively for summary judgment filed by the plaintiffs and by the defendant. Being fully advised in the premises, the court is now in a position to rule on these motions.

### I. FACTS

This action, involving multiple claims under a business automobile policy for underinsured motorist coverage, arose from the following uncontested facts. While driving to their workplace, the plaintiffs sustained bodily injuries and property damage in an automobile accident. A vehicle owned and operated by John Russell crossed over the center line into the lane of oncoming traffic, resulting in a head-on collision between the Russell vehicle and the automobile occupied by the plaintiffs.

Defendant National Indemnity Company issued a business automobile liability policy to plaintiff Herrod which provides uninsured and underinsured motorist coverage with split bodily injury limits of $10,000.00 per person, and $20,000.00 per accident, subject to the $10,000.00 limit per person. In addition, the policy provides a $5,000.00 property damage limit per accident. Plaintiff Herrod's policy was in force and effect at the time of the plaintiffs' accident. Uninsured and underinsured motorist coverage under plaintiff Herrod's policy extends to occupants of a covered automobile or a temporary substitute for a covered automobile. The automobile occupied by the plaintiffs at the time of the accident was owned and operated by plaintiff McGuirt. The plaintiffs allege that they ordinarily traveled to work in a vehicle covered under plaintiff Herrod's policy, but, as a result of mechanical problems, were traveling in McGuirt's automobile as a temporary substitute at the time of the accident.

Russell was the named insured of an automobile liability policy that was in force and effect at the time of the accident. Russell's policy provides a $25,000.00 combined single liability limit for bodily injury and property damage per accident. In a state court action filed by the plaintiffs against Russell's estate, the combined single limit of $25,000.00 was disbursed to the plaintiffs. However, the plaintiffs complain that none received either the per person statutory minimum limit of $10,000.00 for bodily injury or an amount sufficient to compensate fully each plaintiff for injuries and damages.

The plaintiffs brought this action to recover the bodily injury limit of $20,000.00 per accident and $1,000.00 for property damage to plaintiff McGuirt's car pursuant to the underinsured motorist coverage under plaintiff Herrod's policy. In addition, the plaintiffs claim extra-contractual compensatory and punitive damages for the

defendant's alleged bad faith in denying their claims.

Both the plaintiffs and the defendant move for judgment on the pleadings or, in the alternative, summary judgment. The motions raise two issues for the court's consideration:

    (1) whether the tortfeasor, John Russell, was an underinsured motorist under Mississippi law; and

    (2) whether the plaintiffs other than Herrod are insureds under the underinsured motorist provision of Herrod's insurance policy as occupants of a temporary substitute.

The plaintiffs' claim for underinsured motorist coverage is two-fold:

    (1) each plaintiff received proceeds under Russell's liability policy in a sum less than the statutory minimum of $10,-000.00 per person for bodily injury; and

    (2) none of the plaintiffs were fully compensated for injuries and damages.

The defendant asserts that the per person limit is not applicable since the accident in this cause involves multiple claims. The defendant further contends that under the applicable per accident limit, none of the plaintiffs is entitled to $10,000.00 coverage. In addition, the defendant argues that the test is whether the liability limit of Russell's policy is less than the applicable uninsured motorist limit under plaintiff Herrod's policy.

## II. UNDERINSURED MOTORIST COVERAGE

The parties agree that the tortfeasor, John Russell, was not an uninsured motorist, as defined in the Mississippi Uninsured Motorist Act and plaintiff Herrod's policy. In fact, Russell's liability coverage exceeds the statutory minimum limits. The issue is whether Russell was an underinsured motorist.

The statutory definition of an uninsured vehicle includes an underinsured vehicle:

    An insured motor vehicle, when the liability insurer of such vehicle has provided *limits* of bodily injury liability for its insured which are less than the *limits* applicable to the injured person provided under his uninsured motorist coverage.

Miss.Code Ann. § 83–11–103(c)(iii) (Supp. 1985) (emphasis added). Like the statute, the policy issued by the defendant to plaintiff Herrod includes an underinsured vehicle in its uninsured motorist provision:

4. "Uninsured motor vehicle" means a land motor vehicle or trailer:

    .    .    .    .    .

    b. For which the sum of all liability policies at the time of an accident provides at least the amounts required by the applicable law where a covered auto is principally garaged but their *limits* are less than the *limit* of this insurance [emphasis added].

Plaintiff Herrod's policy provides uninsured and underinsured motorist coverage in compliance with the applicable statute. Miss.Code Ann. § 83–11–101 (Supp.1985) mandates that all automobile liability policies provide uninsured motorist coverage within limits not less than limits prescribed in the Mississippi Motor Vehicle Safety Responsibility Law:

    (1) $10,000.00 for bodily injury to or death of one person in any one accident;

    (2) subject to the limit for one person, $20,000.00 for bodily injury or death of two or more persons in any one accident; and

    (3) $5,000.00 for property damage in any one accident.

Miss.Code Ann. § 63–15–43(2)(b) (Supp. 1985). Accordingly, plaintiff Herrod's policy provides uninsured and underinsured motorist coverage with bodily injury limits of $10,000.00 per person and subject to the per person limit, $20,000.00 per accident.

### A. Insurance Limits

Russell's policy provides a combined single liability limit in the sum of $25,000.00 which was disbursed to the plaintiffs. There is no dispute that the limit under Russell's policy is greater than the split uninsured motorist limits under plaintiff Herrod's policy. However, the plaintiffs

substitute the amount of proceeds received by each claimant for the phrase "limits of bodily injury liability" used in the Mississippi Uninsured Motorist Act.

The plaintiffs rely on decisions involving statutes clearly distinguishable from the Mississippi Uninsured Motorist Act. *See Jones v. Travelers Indemnity Co.*, 368 So.2d 1289, 1290 (Fla.1979) (under Florida statute, uninsured motorist coverage is any excess over "the benefits available to an insured" under auto liability policy); *Butler v. MFA Mutual Insurance Co.*, 356 So.2d 1129, 1132–33 (La.Ct.App.1978) (court construed statutory language of "liability insurance" as "*effective* liability coverage"). Both decisions are expressly based upon statutory language that makes no reference to insurance limits.

The Mississippi statute, on the other hand, defines an underinsured vehicle in terms of policy limits, as distinguished from proceeds actually received by a particular claimant. In applying a Tennessee statute of similar construction, the Tennessee Supreme Court refused to construe "limits of liability under all bodily injury liability insurance" as the tortfeasor's "effective insurance" or, in other words, the amount actually received by a particular claimant. *Rogers v. Tennessee Farmers Mutual Insurance Co.*, 620 S.W.2d 476, 480–81 (Tenn.1981). Finding no differential between the limits of liability insurance and uninsured motorist coverage, the court held that there was no underinsured coverage issue. *Id.* at 480.

The Mississippi Supreme Court has held that the limits of coverage govern the issue of whether a motorist is uninsured. *McMinn v. New Hampshire Insurance Co.*, 276 So.2d 682 (Miss.1973). In calculating eligible underinsurance benefits, the court cited *McMinn* in regard to limits of liability and uninsured motorist insurance:

> An analysis of possible situations which could arise in an accident will help in answering this question. And for this analysis, this Court will assume that that [sic] tortfeasor's payment is permitted to be offset by the uninsured carrier. . . .

When the tortfeasor and the insured have liability *limits* in equal amounts of $20,000, the insured is not entitled to uninsured motorist coverage under the statute but is entitled to the liability limits of $20,000 under its liability policy. *See McMinn v. New Hampshire Insurance Co.*, 276 So.2d 682 (Miss.1978) [sic]. . . .

*State Farm Mutual Automobile Insurance Co. v. Kuehling*, 475 So.2d 1159, 1162 (Miss.1985) (emphasis added). In a case involving underinsured motorist coverage on more than one automobile, the court implicitly determined that the limits of liability in both the tortfeasor's policy and the claimant's policy govern the issue of whether the tortfeasor is underinsured. *St. Arnaud v. Allstate Insurance Co.*, 501 F.Supp. 192 (S.D.Miss.1980). In *St. Arnaud* multiple claimants recovered under the tortfeasor's liability policy having bodily injury limits of $10,000.00 per person and $20,000.00 per accident. The plaintiff who was one of the claimants had a policy with uninsured motorist coverage of $10,000.00 per person and $20,000.00 per accident on three automobiles. The court held that the uninsured motorist coverage limits may be aggregated or stacked in determining the limits of liability under the underinsured motorist provision of the plaintiff's policy. *Id.* at 194. Implicit in the court's holding is its finding that the plaintiff was eligible for underinsurance benefits because limits in the tortfeasor's liability policy were less than the aggregated limits of uninsured motorist coverage in the plaintiff's policy.

### B. Applicable Limit

The plaintiffs argue that Russell was an underinsured motorist because each plaintiff received proceeds under Russell's liability policy in a sum less than the statutory minimum of $10,000.00 per person. Yet, the plaintiffs' complaint demands payment from the defendant under the $20,000.00 per accident limit. The defendant contends that the per accident limit is intended for accidents involving two or more claimants as in this cause. The statutorily prescribed

limits contemplate distribution of proceeds in a sum less than $10,000.00 per person in a case of more than two claimants.

The court looks to other jurisdictions with similar statutes. In an Alabama action involving an uninsured motorist claim, the liability insurance limits prescribed by statute were exhausted by payments to competing claimants other than the plaintiff. *Criterion Insurance Co. v. Anderson*, 347 So.2d 384 (Ala.1977). The plaintiff proposed that the policy of the Alabama uninsured motorist statute is to provide a recovery by an injured party of the $10,-000.00 per person minimum. *Id.* at 386. Since he received no liability insurance proceeds, the plaintiff argued that the tortfeasor was an uninsured motorist with respect to his unpaid claim up to $10,000.00. The court held that the applicable limit of liability in a case of multiple claims is the limit per accident and thus, the plaintiff was not entitled to the statutory minimum of $10,000.00 per person:

> ... The statute mandates a minimum of $10,000 coverage *only* in the case of accidents resulting in bodily injury to or the death of one person. Where an accident results in bodily injury to or the death of two or more persons, the statute mandates a minimum coverage of $20,-000 for the accident. The statute clearly contemplates situations in which the recovery of each individual might be less than $10,000. It appears, therefore, that the *policy* behind the statute is to assure the availability of minimum coverage for each accident, not for each injured person.

*Id.* Similarly, the statutory language of the Mississippi Motor Vehicle Responsibility Act clearly indicates that it is not the policy of Mississippi law to assure to each injured party a minimum recovery of $10,-000.00 in the case of multiple claimants.

The court finds that the limit per accident is the applicable limit in this action and that the plaintiffs are not entitled to the statutory minimum of $10,000.00 per person. In fact, the plaintiffs received more than the applicable statutory minimum limit of $20,000.00 per accident.

### C. Amount of Damages

■ The plaintiffs complain that the liability insurance proceeds did not fully compensate them for their injuries and damages. However, the Mississippi Supreme Court has held that the amount of the claimant's damages does not determine eligibility for uninsured motorist benefits. *McMinn v. New Hampshire Insurance Co.*, 276 So.2d 682, 685 (Miss.1973). In *McMinn* the claimant argued that his damages exceeded the tortfeasor's liability coverage, and thus, the tortfeasor was uninsured as to the excess of damages. *Id.* at 683. The court rejected the claimant's contention and held that the tortfeasor whose liability insurance limit was in compliance with the statutory minimum limit was not an uninsured motorist. *Id.* at 685. *McMinn* was decided prior to the amendment to the Mississippi Uninsured Motorist Act which includes an underinsured vehicle in the definition of an uninsured vehicle. Miss.Code Ann. § 83–11–103(c)(iii) (Supp. 1985). In light of the statutory reference to limits of coverage, the court's rationale in *McMinn* applies to the question of underinsured motorist coverage. Therefore, the court finds that the amount of the plaintiffs' damages has no bearing on whether Russell was underinsured.

### III. CONCLUSION

■ The court finds that the statutory definition of an underinsured vehicle should be construed literally with respect to limits of coverage. Since this action involves multiple claims under one policy providing underinsured motorist coverage, the court further finds that the applicable limit is the bodily injury limit per accident under the policies in question. Underinsured motorist benefits are not recoverable unless the tortfeasor's bodily injury liability limit is less than the applicable limit of uninsured motorist coverage. Since the combined liability limit of $25,000.00 under Russell's policy exceeds the $20,000.00 bodily injury limit under plaintiff Herrod's

uninsured motorist coverage, the court concludes that Russell was not an underinsured motorist, as defined in the Mississippi Uninsured Motorist Act and plaintiff Herrod's policy. Thus, neither plaintiff Herrod nor the other plaintiffs are eligible for underinsured motorist coverage. Accordingly, it is unnecessary for the court to address the remaining issue of whether the plaintiffs were occupants of a "temporary substitute" vehicle under plaintiff Herrod's policy.

For the foregoing reasons, the court finds that the defendant's motion for judgment on the pleadings is well taken and should be granted. The court further finds that the plaintiffs' motion for judgment on the pleadings or, in the alternative, summary judgment is not well taken and should be denied.

An order will issue accordingly.