241 N.J. Super. 236 (1990)
574 A.2d 1002
AGATHANGE FILIPPATOS, PLAINTIFF-RESPONDENT,
v.
SELECTIVE INSURANCE COMPANY OF AMERICA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 26, 1990.
Decided May 18, 1990.
Before Judges BRODY, MUIR, Jr. and FOLLENDER.
Mark S. Kundla argued the cause for appellant (Bumgardner, Hardin & Ellis, attorneys; Mark S. Kundla, of counsel and on the brief; M. Christie Wise, on the brief).
*237 Walter Pitio argued the cause for respondent.
The opinion of the court was delivered by BRODY, J.A.D.
We decide in this appeal that the amount of underinsured motorist (UIM) coverage available to an injured person is not reduced by the portion of the tortfeasor's liability insurance that was used to pay the claims of other injured people. In doing so, we affirm Judge Lawrence Weiss's order for summary judgment and agree substantially with Judge Haines's opinion in Goughan v. Rutgers Cas. Ins. Co., 238 N.J. Super. 644, 570 A.2d 501 (Law Div. 1989).
Plaintiff was one of two passengers seriously injured in a one-car accident. The other passenger died of his injuries. The driver (tortfeasor) had $300,000 in "per occurrence" liability insurance to satisfy the bodily injury claims of both passengers. Plaintiff and the estate of the other passenger settled their claims for $150,000 each, thereby exhausting the limit of the tortfeasor's policy. Before entering into the settlement, plaintiff notified defendant, which afforded him $500,000 UIM coverage, that it could object to the settlement if it wished to protect its subrogation rights. After defendant declined to respond, plaintiff consummated the settlement and then proceeded against defendant in arbitration. The arbitration panel found that plaintiff's damages were $375,000.
Plaintiff brought the present action to resolve a dispute between the parties as to whether defendant is obligated by the arbitration award to pay plaintiff $225,000, the total unrecovered portion of his $375,000 damages, or pay plaintiff only $75,000, the unrecovered portion of his damages that exceeds the $300,000 limit of the bodily injury liability insurance carried by the tortfeasor.
N.J.S.A. 17:28-1.1e provides the answer. It reads in relevant part:

*238 For the purposes of this section, (1) "underinsured motorist coverage" means insurance for damages because of bodily injury and property damage resulting from an accident arising out of the ownership, maintenance or use of an underinsured motor vehicle.... A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery. A motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of settlements or judgments. The limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds; ...
The statute renders the tortfeasor's vehicle underinsured because (a) the $300,000 limit of the tortfeasor's insurance policy is less than the $500,000 limit of plaintiff's UIM coverage and (b) the $300,000 limit of the tortfeasor's policy was exhausted by the settlement payments to the two passengers.
When we considered whether a tortfeasor's vehicle loses its status as an underinsured motor vehicle if his policy limits were not fully exhausted by his settlement with an injured person, we said that the tortfeasor's vehicle remains an underinsured motor vehicle but the injured person's UIM claim must be reduced by the amount of the unexhausted portion of the tortfeasor's policy limit. Longworth v. Van Houten, 223 N.J. Super. 174, 191, 538 A.2d 414 (App.Div. 1988). See also Gold v. Aetna Life & Cas. Ins. Co., 233 N.J. Super. 271, 277, 558 A.2d 854 (App.Div. 1989) and Tyler v. N.J. Auto. Full Ins., 228 N.J. Super. 463, 466, 550 A.2d 168 (App.Div. 1988).
The last sentence of the quoted part of the statute, which defines the "limits of underinsured motorist coverage," speaks for itself. The available limit of plaintiff's $500,000 UIM coverage must be reduced to $350,000 by the $150,000 he has recovered under the tortfeasor's liability insurance. The reduced coverage remains more than enough to pay plaintiff $225,000, the unrecovered portion of his bodily injury claim.
*239 Defendant argues that by our language in Longworth, Gold and Tyler we have rewritten the statute so that now the available amount of underinsured motorist coverage is to be reduced by the limit of the tortfeasor's policy regardless of the amount that the insured has recovered. Although the amount of the reduction would be that limit were the insured the only injured person, where there are other injured people whose settlements and judgments have been paid under the tortfeasor's policy, the reduction may not exceed the amount that the insured recovered plus any amount of the tortfeasor's policy limit remaining after paying settlements and judgments to all injured claimants.
Affirmed.