*323 OPINION OF THE COURT
Howard Miller, J.
It is ordered that the petition is denied, the proceeding dismissed, and petitioner is directed to proceed to arbitration.
On October 21, 1989, while walking, respondent Mark Hager and two friends sustained injuries as a result of being struck by a vehicle owned by James L. Thompson (hereinafter Thompson). Thompson’s insurance policy with Covenant Insurance Company (hereinafter the Covenant policy) provided a single limit of liability for bodily injury and property damage of $300,000. Mark Hager’s father, Charles Hager, was insured by petitioner under a policy (hereinafter the Allstate policy) which provided bodily injury liability limits of $250,000 per person/$500,000 per accident, and underinsurance coverage of $100,000/$300,000. Mark Hager and his companions allegedly sustained damages in excess of the $300,000 Covenant policy and respondent advises that Covenant has offered the full policy in settlement, allocated $95,000 to Mark Hager and $95,000 and $110,000 respectively to his two companions.
After being served with a demand for arbitration under the underinsurance motorists provision of the Allstate policy, petitioner brought this proceeding for a stay of arbitration upon the ground that the bodily injury liability of $250,000 in the Allstate policy was exceeded by the combined single limit of $300,000 under the Covenant policy and thus the Thompson vehicle was not an underinsured vehicle. Therefore, respondent has no arbitrable claim.
Respondent argues that the Thompson vehicle is underinsured because:
(1) The Covenant policy single-limit coverage includes both property damage and bodily injury liability which renders it ipso facto less than coverage for bodily injury liability only;
(2) The Allstate policy is ambiguous because it does not specify whether the "per accident” or "per person” liability must be used to determine whether the Covenant policy is less than the Allstate policy and, since any ambiguity must be resolved against petitioner, the per accident limit of $500,000 must be used;
(3) Legislative intent in enacting Insurance Law § 3420 (f) (2) requires the court to find that it is the "per accident” coverage which must be measured against the tort-feasor’s policy in an accident involving multiple claimants in determining whether a vehicle is underinsured.
*324 Respondent’s argument that the Covenant policy liability limits are less than the Allstate policy by virtue of being inclusive of property damage has been rejected by the Third Department (Matter of Commercial Union Ins. Co. [Raymond], 172 AD2d 988); absent a contrary finding by the Second Department or the Court of Appeals, this court is bound by that holding, notwithstanding the opinion expressed in Matter of Prudential Prop. & Cas. Ins. Co. (Szeli) (150 Misce 2d 72), which was decided shortly before the Raymond case.
Any ambiguity in the Allstate policy is irrelevant, since it is the terms of the statute that prevail and not the contract language (Matter of Automobile Ins. Co. v Stillway, 165 AD2d 572).
Turning to the statute, section 3420 (f) (2) of the Insurance Law states, in part, that: "Any such policy shall, at the option of the insured, also provide supplementary uninsured motorists insurance for bodily injury, in an amount up to the bodily injury liability insurance limits of coverage provided under such policy, subject to a maximum of one hundred thousand dollars because of bodily injury to or death of one person in any one accident and, subject to such limit for one person, up to three hundred thousand dollars because of bodily injury to or death of two or more persons in any one accident. Supplementary uninsured motorists insurance shall provide coverage, in any state or Canadian province, if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy.”
The first sentence provides for supplementary uninsured motorists insurance (SUMI) in statutory máximums at the option of the insured; the second sentence defines the conditions under which SUMI becomes available if the insured elects such coverage. It is the second sentence, which does not specify whether the insured’s "per person” bodily injury limit or "per accident” limit is intended to be the yardstick by which the tort-feasor’s policy limits are measured in determining whether the tort-feasor is underinsured, that has given rise to this proceeding.
The legislative intent in enacting the SUMI statute, as expressed by the State Executive Department, was to provide an insured with a level of protection for himself and his passengers equal to that which he purchased to protect others, *325 so that the insured would not be limited to the coverage of the other vehicle (1977 McKinney’s Session Laws of NY, at 2446) but would obtain the same benefits for himself which he contracted to provide for others. In order for Hager to obtain the same level of protection for himself and those claiming under his policy, where there is an accident involving multiple claimants, the per accident limit must be compared with the per accident limit of the tort-feasor’s coverage. In so doing, the Thompson vehicle carried coverage in a lesser amount ($300,000) than the Hager policy ($500,000) and is thus by statutory definition an underinsured vehicle.
The $500,000 per accident coverage maintained by Hager merely acts as the trigger permitting a claim under the underinsurance provisions of the Hager policy; the insurer’s liability is still limited to the maximum statutory coverage of $100,000 per person and $300,000 for two or more persons.