251 N.J. Super. 66 (1991)
596 A.2d 1096
THOMAS STAUB, PLAINTIFF-APPELLANT,
v.
HANOVER INSURANCE COMPANY, A CORPORATION/ENTITY, DEFENDANT, AND NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, A CORPORATION/ENTITY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1991.
Decided October 1, 1991.
Before Judges BRODY, MUIR, Jr. and LANDAU.
*67 Leonard Ginsberg argued the cause for appellant (Robert Diorio, attorney; Leonard Ginsberg, on the brief).
Edward P. Papalia, Jr., argued the cause for respondent (Joseph J. Michalowski, attorney; Joseph J. Michalowski, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
We must now clarify a facet of underinsured motorist (UIM) insurance law. We held in Tyler v. N.J. Automobile Full Ins., 228 N.J. Super. 463, 466, 550 A.2d 168 (App.Div. 1988), that UIM benefits are available if the tortfeasor's liability insurance limits are lower than the claimant's UIM insurance limits. There, the tortfeasor's vehicle was not underinsured because he carried limits of $25,000 per person injured and $50,000 per accident whereas the injured claimant's UIM limits were only $15,000 per person injured and $30,000 per accident. In Filippatos v. Selective Insurance Co., 241 N.J. Super. 236, 238, 574 A.2d 1002 (App.Div. 1990), the tortfeasor's vehicle was underinsured because he carried a single limit of $300,000 per accident regardless of the number of persons injured whereas the injured claimant's UIM limit was $500,000 per accident regardless of the number of persons injured.
The policy limits that had to be compared in Tyler and in Filippatos matched, two double-limit policies in Tyler and two single-limit policies in Filippatos. The limits therefore could be compared without difficulty. By contrast, the policy limits in the present case do not match. The tortfeasor carried a policy having a single limit of $100,000 per accident regardless of the number of people injured whereas plaintiff, one of four people injured by the tortfeasor, had UIM coverage limited to $100,000 per person injured and $300,000 per accident. Defendant New Jersey Automobile Full Insurance Underwriting Association (defendant), plaintiff's insurer, argues that the tortfeasor's vehicle was not underinsured because his per person liability *68 coverage is no less than plaintiff's per person UIM coverage. The trial judge agreed and denied plaintiff's motion for partial summary judgment.[1] We now reverse and hold that where more than one person has been injured by a tortfeasor, his vehicle is underinsured if the tortfeasor's per accident limit is less than the claimant's UIM per accident limit, even if the per person limit is the same in both policies.
Plaintiff, his wife and two others were injured when a motor vehicle in which they were riding collided with a negligently operated motor vehicle. The proceeds of the tortfeasor's $100,000 per person/per accident coverage were divided among the four injured people. Plaintiff received $16,695.78, although his damages were determined in arbitration to be $70,000. He now claims from defendant the difference, $53,304.22, under his UIM coverage.
In comparing the limits in the two policies, we must compare the same kind of coverage provided in each. Because several people were injured by the tortfeasor, plaintiff's $300,000 per accident UIM limit must be compared with the tortfeasor's $100,000 per accident limit. The result of the comparison is that the tortfeasor's vehicle is underinsured. Had plaintiff alone been injured, then only his $100,000 per person limit would be compared with the tortfeasor's $100,000 per person limit and the tortfeasor's vehicle would not have been underinsured. Plaintiff is entitled to $100,000 UIM coverage, the per person limit under his UIM policy. That is more than enough to require defendant to pay him $53,304.22, the unpaid portion of his damages.
The result is fair. As this case demonstrates, the tort-feasor's liability insurer would have incurred a greater risk had its policy indemnified the tortfeasor for up to $300,000 per accident instead of only $100,000 per accident. We assume that *69 the added risk would have resulted in an added premium. The tortfeasor saved that added premium by carrying only $100,000 coverage per accident. Plaintiff, on the other hand, undoubtedly paid defendant a premium for the additional $200,000 per accident UIM coverage by which his per accident limit exceeds the tortfeasor's $100,000 per accident limit. Therefore, because more than one person was injured in the accident it is fair to consider plaintiff's UIM limit to be greater than the tortfeasor's liability limit so that plaintiff can receive the benefit of all the coverage he bought.
In denying plaintiff's motion, the trial judge was misled by the following emphasized language found in Tyler:

The [UIM] statute [N.J.S.A. 17:28-1.1e] produces the same result if there is one injured claimant or many, or if the amount of damages exceed the tortfeasor's liability limits, or even if multiple claims against one tortfeasor are, because of his liability limits, settled for amounts which are individually less than the underinsured motorist coverage available from the claimant's policy. A tortfeasor is not underinsured relative to plaintiffs' damages, or relative to the judgment or judgments against him, but rather relative to the limits of the underinsured motorist coverage purchased by or for the person seeking recovery. [Tyler, supra, at 466, 550 A.2d 168. Emphasis added.]
There the court was making the point that to determine in a particular case whether a tortfeasor's vehicle is underinsured requires comparing the limits of the tortfeasor's liability policy with the limits of the claimant's UIM policy. Other facts, such as the number of people injured and the amount of their claims are generally not relevant. However, where the claimant, the tortfeasor or both have double limits, one "per person" and the other "per accident," it becomes necessary to consider whether more than one person was injured by the tortfeasor in order to determine which of the limits to use when making the comparison.
Reversed and remanded for further proceedings.
NOTES
[1] We granted plaintiff leave to appeal the interlocutory order. Other issues remain to be tried.