**Heirs of Dolores J. LEETZ,
Plaintiffs–Appellants,**

**v.**

**AMICA MUTUAL INSURANCE COMPANY, a Rhode Island corporation authorized to do business in the State of Colorado, Defendant–Appellee.**

**No. 91CA1103.**

Colorado Court of Appeals,
Div. I.

Aug. 13, 1992.

Rehearing Denied Sept. 10, 1992.

Stephen H. Duitch, Colorado Springs, for plaintiffs-appellants.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Fowler, Schimberg & Cowman, P.C., Timothy P. Schimberg, Terrence P. Murray, Denver, for defendant-appellee.

Opinion by Judge DAVIDSON.

In this insurance coverage dispute, plaintiffs, the heirs of Dolores J. Leetz, appeal from the summary judgment entered in favor of defendant, Amica Mutual Insurance Company. We affirm.

Leetz died from injuries she sustained in an automobile accident. She and the three other occupants were injured when the car in which they were riding was struck by a second car.

At the time of the accident, the driver of the second car was insured under an automobile insurance policy issued by Farmers Insurance Company which provided bodily injury liability coverage of $25,000 per person/$50,000 per accident. The second driver admitted that her negligence caused the accident, and Farmers paid the full amount of the $50,000 per accident limit to the four injured occupants of the first car. Leetz' heirs received $16,000 of this amount.

The driver of the car in which Leetz was riding was insured under an automobile policy issued by Amica. This policy had a single limit uninsured motorist coverage of $50,000. It is uncontroverted that Leetz and the three occupants were "insureds" under the terms of this policy. Because the $16,000 from Farmers was inadequate to compensate the heirs for the $50,000 solatium damages which they claimed pursuant to § 13–21–203.5, C.R.S. (1991 Cum. Supp.), the heirs made demand upon Amica for an additional $34,000 in underinsurance benefits. However, Amica rejected their demand for payment on the grounds that the tortfeasor was not driving an underinsured vehicle.

The heirs then filed suit, seeking a declaratory judgment that they were entitled to underinsured motorist benefits under the insurance policy issued by Amica and also that they were entitled to damages for Amica's bad faith breach of insurance contract. The parties filed cross-motions for summary judgment. The trial court determined that there were no facts in dispute and that, as a matter of law, the underinsured motorist provisions of the Amica policy were not applicable. The court denied the heirs' motion, granted summary judgment for Amica, and dismissed the action with prejudice.

The heirs' sole contention is that the trial court erred by concluding that underinsured motorist coverage was not available. Specifically, they argue that, in determining that the tortfeasor's vehicle was not underinsured, the court incorrectly applied the per accident liability limit of the tortfeasor's policy, rather than the per person limit. We disagree.

The applicability of underinsurance coverage is governed by § 10–4–609(4), C.R.S. (1987 Repl.Vol. 4A). That section provides:

Uninsured motorist coverage shall include coverage for damage for bodily injury or death which an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle [which] is insured or bonded for bodily injury or death at the time of the accident, but the *limits of liability for bodily injury* or death under such insurance or bonds are:

(a) *Less than the limits for uninsured motorist coverage under the insured's policy;* or

(b) Reduced by payments to persons *other than an insured* in the accident to less than the limits of uninsured motorist coverage under the insured's policy. (emphasis added)

The Amica policy defines an underinsured motor vehicle in a manner consistent with this provision.

Thus, by the plain language of both the statute and the policy, underinsurance coverage applies only if the tortfeasor's vehicle is an underinsured vehicle.

First, we note that the vehicle is not underinsured under § 10–4–609(4)(b), C.R.S. (1987 Repl.Vol. 4A). "Insured," according to the Amica policy, includes the named insured—the driver of the car in which Leetz was riding—and "[a]ny other person occupying [that] covered auto."

Farmers made payments only to Leetz and the three other occupants in that car. Therefore, the liability limits were not reduced by payments to persons other than an insured.

Under § 10–4–609(4)(a), C.R.S. (1987 Repl.Vol. 4A), to determine whether the tortfeasor's vehicle is underinsured, the $25,000 per person/$50,000 per accident limit for bodily injury liability under the Farmers policy must be compared to the single limit $50,000 uninsured motorist coverage available under the Amica policy.

■ Although § 10–4–609(4) does not specify which bodily injury limit, the per person or the per accident limit, is to be compared when the policy providing the uninsured motorist coverage contains only a single limit, we conclude that the trial court properly applied the per accident limit.

A policy providing $25,000 per person/$50,000 per accident coverage means that, in any one accident, if only one person is injured or killed, the limit of liability is $25,000, but if two or more persons are injured or killed, the limit of liability is $50,000. *See* § 42–7–103(2), C.R.S. (1984 Repl.Vol. 17); *see also Brown v. American Family Mutual Insurance Co.*, 809 P.2d 1055 (Colo.App.1990).

Here, four people were injured or killed in the accident. Accordingly, we compare the $50,000 *per accident* liability limit under the Farmers policy to the $50,000 single limit for uninsured motorist under the Amica policy. Because the liability limit is not less than the uninsured motorist limit, the tortfeasor's vehicle was not underinsured. Thus, the heirs were not entitled to any underinsurance motorist benefits under the Amica policy. *See State Farm Mutual Automobile Insurance Co. v. Messinger*, 232 Cal.App.3d 508, 283 Cal.Rptr. 493 (1991) (because coverage was not triggered, plaintiffs were not entitled to collect any underinsurance amount from insurer).

Other jurisdictions which have similar uninsured motorist statutes and which have addressed this issue have also concluded that, when more than one person is injured, it is the per accident limit which must be used to determine whether underinsurance coverage applies. *See Herrod v. National Indemnity Co.*, 643 F.Supp. 956 (N.D.Miss.1986); *State Farm Mutual Automobile Insurance Co. v. Messinger, supra; Allstate Insurance Co. v. Hager*, 151 Misc.2d 322, 573 N.Y.S.2d 134 (N.Y.App. Div.1991); *cf. Farmers Insurance Co. v. Buffa*, 119 Idaho 345, 806 P.2d 438 (1991) (under contract rather than statute); *Staub v. Hanover Insurance Co.*, 251 N.J.Super. 66, 596 A.2d 1096 (1991).

The heirs argue, however, that this conclusion results in their recovery being substantially less than their damages and, thus, contravenes the legislative intent of the underinsured motorist statute which was "designed and enacted to prevent inadequate compensation." We disagree.

■ Contrary to the heirs' contention, the purpose of underinsurance is to place the injured party having underinsured motorist coverage in the same position as if the underinsured had liability limits in amounts equal to the insured's coverage. *See Kral v. American Hardware Mutual Insurance Co.*, 784 P.2d 759 (Colo.1989); § 10–4–609(4). That will not necessarily result in the injured being compensated to the full extent of his or her injuries. *See Terranova v. State Farm Mutual Automobile Insurance Co.*, 800 P.2d 58 (Colo. 1990) (the purpose is to compensate an insured for loss, up to policy limits).

Here, the tortfeasor had applicable liability limits in amounts equal to the insured's underinsured motorist coverage under the Amica policy. Thus, the purpose of the statute was not contravened.

In light of our disposition, we need not address the heirs' other contentions.

The judgment is affirmed.

STERNBERG, C.J., and NEY, J., concur.