262 N.J. Super. 247 (1993)
620 A.2d 1060
GINA D'ANTONIO, PLAINTIFF-APPELLANT,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AS SERVICING CARRIER FOR THE NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 6, 1993.
Decided February 16, 1993.
*248 Before Judges GAULKIN, HAVEY and BROCHIN.
Frederick E. Gerson argued the cause for appellant (D'Alessandro & Jacovino, attorneys).
Alan R. Lebowitz argued the cause for respondent (Maloof, Lebowitz & Bubb, attorneys).
The opinion of the court was delivered by GAULKIN, P.J.A.D.
Plaintiff was injured when her car was struck by a car driven by one Schneid. Plaintiff settled with Schneid for $25,000, exhausting his insurance coverage. She then submitted a claim to defendant, her own insurer, for underinsured motorist (UIM) benefits. The parties were unable to agree as to her entitlement and plaintiff requested arbitration as provided by the policy. Following a hearing, the three arbitrators unanimously found defendant "100% liable" and awarded plaintiff "the gross sum of $40,000." Although the award did not so state, the *249 parties agree it contemplated that the $25,000 recovered from Schneid was to be credited against the $40,000 "gross sum" and that defendant was liable for only $15,000 in UIM benefits.
Plaintiff then demanded "a trial as to damages" and filed this action to that end, relying on the following provision of her policy:
A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the covered person is legally entitled to recover damages; and
2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of New Jersey. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.
On the parties' cross-motions for summary judgment, plaintiff urged that she was entitled to demand a trial because she had been awarded $40,000 in "damages," which exceeded the $15,000 "minimum limit for liability specified by the financial responsibility law of New Jersey." N.J.S.A. 17:28-1.1a. Defendant took the position that only $15,000 of "damages" had been awarded against it, that the statutory minimum limit had not been exceeded and that the arbitration award must be confirmed. Judge Dwyer held that plaintiff was not entitled to a trial and that the arbitration award was binding. Plaintiff appeals; we affirm.
As Judge Dwyer properly noted in his oral ruling, the court's task here is to determine and implement the contractual intent. See Cohen v. Allstate Ins. Co., 231 N.J. Super. 97, 101, 555 A.2d 21 (App.Div.), certif. denied, 117 N.J. 87, 563 A.2d 846 (1989). The contractual intent is evident: to permit a postarbitration trial only in cases of a certain magnitude, i.e., only where the "amount of damages" fixed by the arbitrators exceeds $15,000. But "damages" is not defined in the policy. Its meaning must be drawn from the setting in which it is used.
The arbitration is conducted to determine the carrier's liability for UIM payments. If a trial is available, it too will determine only the carrier's UIM obligation. It follows that the *250 extent of the carrier's UIM liability  not the tortfeasor's liability  should determine whether the case is of sufficient magnitude to justify a trial. The parties' purpose in foreclosing trials in modest cases would be substantially frustrated if the right to demand a trial turned on the damages attributable to the underinsured tortfeasor. Few UIM arbitration awards would be binding: even an award of $1 of UIM benefits would permit a trial, since that $1 would be above the $15,000 mandatory coverage that every underinsured tortfeasor carries.[1] A trial could be demanded even where the arbitrators found that a recovery from the tortfeasor of more than $15,000 had fully compensated, or overcompensated, the plaintiff. The availability of a trial would turn, in short, on the magnitude of the claimant's injuries, which has no necessary relationship to the magnitude of the UIM dispute. That is hardly a way to assure that modest UIM disputes would be decided by binding arbitration.
We thus agree with Judge Dwyer's conclusion that the contract provision permits a trial to be demanded only if the arbitrators have awarded UIM benefits exceeding the mandatory minimum liability limit. The judgment is affirmed.
NOTES
[1] UIM benefits could also be payable in the absence of the claimant's recovery of $15,000 from the tortfeasor, if the proceeds of the tortfeasor's policy have been allocated among two or more injured parties. See Staub v. Hanover Ins. Co., 251 N.J. Super. 66, 596 A.2d 1096 (App.Div. 1991).