LINDA M. TOPPI, PLAINTIFF, v. PRUDENTIAL INSUR-
ANCE COMPANY OF AMERICA, DEFENDANT.

District Court — Cumberland County
October 13, 1977.

446

*Mr. Arnold Robinson* for plaintiff (*Messrs. Greenberg & Robinson,* attorneys).

*Mr. Charles Gemmel* for defendant (*Messrs. Gibson, Previti & Todd,* attorneys).

KLEINER, J. C. C., Temporarily Assigned. This matter is before this court on a motion and cross-motion for summary judgment requiring an analysis of the No Fault Insurance Law, *N. J. S. A.* 39:6A–1 *et seq.*

On January 9, 1976 plaintiff was involved in an automobile accident and sustained bodily injuries. A timely claim for medical expense benefits, *N. J. S. A.* 39:6A–4(a), and income continuation benefits, *N. J. S. A.* 39:6A–4(b), was submitted to defendant and said claims were promptly and totally paid.

In the case at bar, plaintiff alleges that on February 23, 1977 the medical effects of her aforementioned pre-existing injuries reappeared, requiring her to incur additional medical expenses and to again suffer a loss in wages.

She again forwarded her medical bills to defendant and made a claim for income continuation benefits.

Although the first two medical bills submitted were in fact paid, in April 1977 defendant informed plaintiff that in its opinion, based upon its investigation of the claim, the medical expenses incurred, were the result of an independent intervening accident and therefore it declined to pay any of the additional bills submitted or to pay any income continuation benefits.

Plaintiff seeks a summary judgment compelling the defendant to provide those benefits which it has declined to pay.

Defendant has filed a cross-motion for summary judgment, contending that, as a matter of law, even if this court declares that plaintiff's renewed medical expense claim is causally related to the initial automobile accident of January 9, 1976, that defendant is entitled as a matter of law to a credit against the lost wage claim for any temporary

disability benefits which plaintiff would have been entitled to receive under *N. J. S. A.* 43:21–25 *et seq.* insofar as temporary disability benefits are a collateral source. *N. J. S. A.* 39:6A–6.

It is undisputed that plaintiff has not filed a claim for temporary disability benefits. This salient fact raises the issue posed by the defendant's motion. Is there a conflict in the only two reported decisions in this State applicable to the deduction of collateral payments by an insured pursuant to *N. J. S. A.* 39:6A–6?

In *Solimano v. Consolidated Mutual Ins. Co.,* 146 *N. J. Super.* 393 (Law Div. 1977), the court held that an insurer may not unilaterally deduct prospective potential workers' compensation benefits from a PIP lost wage claim. In reaching this conclusion the court held:

> [T]he No Fault Act was designed to get the bills paid and keep the injured insured, and those who must rely upon him or her for support, off the public assistance rolls. An implementation of Consolidated Mutual's position would require a judicial mandate to the least capable party (*i. e.,* the injured, oftentimes debilitated, insured) to exhaust all possibilities for recovery before turning to his primary source of reimbursement — the PIP carrier. . .
>
> [T]he exercise of the insurer's right to a deduction can only occur *after an adjudication by the respective agency of the amount collectible* from the "collateral source." [Emphasis supplied]

Although *Solimano* dealt primarily with a prospective worker's compensation claim, the decision referred to the three enumerated statutory collateral sources: "Workmen's compensation insurance, employees temporary disability benefit statutes and medicare provided under Federal Law." *N. J. S. A.* 39:6A–6.

Predicated upon the *Solimano* decision, an insurer must pay the entire lost wage claim and is permitted to initiate, in its own name, a petition in worker's compensation to determine what amount is collectible from the compensation carrier.

The question posed in the present case is whether the analysis of *Solimano* should be extended to temporary disability claims?

In apparent conflict with *Solimano* is the decision in *Frazier v. Liberty Mut. Ins. Co.*, 150 *N. J. Super.* 123 (Law Div. 1977). In *Frazier* the court permitted defendant insurer to deduct from the PIP lost wage payments an amount which plaintiff therein was, *by stipulation,* eligible to receive in the form of temporary disability benefits. The basis of this decision was the conclusion that

"This court should not speculate why plaintiff failed to collect his temporary disability payments. But it is well settled that a waiver constitutes the intentional relinquishment of a known right. * * * Plaintiff cannot be heard to argue that Liberty bears the burden of his action when it complied with the statutory mandate and plaintiff did not comply."

In the case at bar there is an obvious distinction between the *Frazier* factual history. In *Frazier* all parties stipulated that the plaintiff would have received $85 a week had he in fact, applied for temporary disability benefits. In this matter there is no similar stipulation. Whether plaintiff herein would have been entitled to similar benefits had she applied is conjectural and speculative. Only after a determination by the Division of Unemployment Compensation of the plaintiff's eligibility for temporary disability benefits can the "amount collectible" be established. *N. J. S. A.* 39: 6A–6.

Thus, plaintiff's prospective right to collect temporary disability benefits is akin to the prospective workers' compensation benefits which plaintiff in *Solimano, supra,* may collect if a petition in compensation is filed.

*N. J. S. A.* 39:6A–6 states in part,

The benefits * * * shall be payable as loss accrues, upon written notice of such loss and without regard to collateral sources, except that benefits collectible under * * * employees temporary disability benefit statutes * * * shall be deducted from the benefits collectible under Section 4a., b., c., d., e. and Section 10.

The terminology "collectible" cannot be construed as synonymous with "eligible to collect" as interpreted in *Frazier, supra*.

■ ■ *N. J. S. A.* 43:21-49 further provides that temporary disability benefits can only be paid for a period not exceeding three weeks pending the receipt of medical proof of a claimed disability. To allow an insurer to unilaterally deduct temporary disability benefits which it deems will be payable to its insured violates the mandate of *N. J. S. A.* 39:6A-6 which requires the payment of benefits as a "loss accrues."

This mandate dictates that income continuation benefits are payable by the insurer prior to a determination of eligibility or the actual collection of temporary disability benefits. Once an insured begins to collect temporary disability, after eligibility is determined by the Division of Unemployment Compensation, then those monies actually collected may be deducted by the automobile insurer.

Where the injured insured has failed to file a claim for temporary disability benefits, the insurer, who has the primary responsibility for payment, should not be permitted to unilaterally deduct those sums which it contends the insured would have collected from the Division of Unemployment Compensation. To do so frustrates the primary purpose of *N. J. S. A.* 39:6A-1 *et seq. Solimano, supra; Hagains v. Gov't Employers Ins. Co.*, 150 *N. J. Super.* 576 (Law Div. 1977).

■ To protect the insurance carrier in cases of this type until the Legislature creates a statutory remedy, *N. J. S. A.* 43:21-49(a) should be construed so as to permit an insurer to file in the name of its insured a claim for temporary disability benefits. If, in fact, the insured was eligible for benefits, then the insurance carrier will recoup a portion of the wage claim paid to the injured insured.

Although defendant contends such recovery would be impossible due to the failure to file within 30 days as required

451

by *N. J. S. A.* 43:21–49(a), a fair reading of that statute clearly indicates that

Failure to furnish notice and proof within the time or in the manner above provided shall not invalidate or reduce any claim if it shall be shown to the satisfaction of the Division not to have been reasonably possible to furnish such notice and proof and that such notice and proof was furnished as soon as reasonably possible.

Thus, where an insurer receives notice of an insured's claim for PIP lost wage benefits, and the insurer is of the opinion that said insured is entitled to temporary disability benefits for which the insured has failed to apply, the insurer should honor his responsibility to pay PIP benefits, as the primary source of reimbursement, *Solimano, supra,* and immediately apply for the collection, i. e., reimbursement, of said benefits from the Division of Unemployment Compensation.

For the above reasons, the cross-motion for summary judgment filed by defendant must be denied.

With respect to plaintiff's motion for summary judgment, it is fundamental that the same may only be granted if the pleadings and information revealed by discovery demonstrate that there is no genuine issue as to any material fact. *Judson v. Peoples Bank & Trust Co.,* 17 *N. J.* 67 (1954).

Plaintiff has presented no evidence, affidavits, medical records, reports or facts in its pleading to substantiate its contention that the medical condition suffered in 1977 is causably related to the 1976 accident. Defendant's answer asserts, as a separate defense, the issue of causal relation, and thus a material factual issue remains to be litigated.

It is clear that unless defendant is required to pay the medical expenses incurred, it will not be required to pay income continuation benefits.

For the above reason plaintiff's motion for summary judgment is denied pending a trial on the issue of causation. *N. J. S. A.* 39:6A–13(g).