238 N.J. Super. 644 (1989)
570 A.2d 501
ELEANOR GOUGHAN AND RAYMOND GOUGHAN, PLAINTIFFS,
v.
RUTGERS CASUALTY INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division Burlington County.
Decided June 23, 1989.
*645 Nicholas J. Costa for plaintiffs (Barbour & Costa, attorney).
Susan L. Moreinis for defendant.
HAINES, A.J.S.C.
This opinion considers a claim for underinsured motorist's coverage ("UIM"). It recognizes the rule that a carrier issuing a UIM policy to an automobile accident victim is entitled to a credit when the tortfeasor who caused the accident is insured. It concludes, however, that the credit is limited to the amount available to the victim after payments by the tortfeasor's insurer to other victims of the accident.
Raymond and Eleanor Goughan were injured in an automobile accident caused by the negligence of Theresa Fernandez. Keith Dombrowsky, a passenger in Fernandez's vehicle, was also injured. The Goughans' were covered by a UIM policy issued by Rutgers Casualty with a limit of $100,000 per person and $300,000 per accident. Fernandez was covered by a liability policy issued by Cigna Property and Casualty Company with limits of $15,000 per person and $30,000 per accident. Dombrowsky settled with Cigna for $15,000, thus leaving $15,000 of the tortfeasor's coverage available to the Goughans.
They seek damages in excess of $15,000 and have demanded compensation from Rutgers under their UIM policy. Rutgers claims a $30,000 credit against any recovery of the Goughans; the Goughans claim that the credit is limited to $15,000. The issue has not been addressed in any reported decision. This *646 court concludes that the Goughans are correct, that Rutgers' credit is limited to $15,000.

A. The Statute.
N.J.S.A. 17:28-1.1e provides:
For the purpose of this section, (1) "underinsured motorist coverage" means insurance for damages because of bodily injury and property damage resulting from an accident arising out of the ownership, maintenance or use of an underinsured motor vehicle. Underinsured motorist coverage shall not apply to an uninsured motor vehicle. A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery. A motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of settlements or judgments. The limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds....

B. The Cases.
Our courts, in two cases, have decided that a motorist is not underinsured when a tortfeasor's policy limits are equal to or greater than the UIM limits in the victim's policy. Wolfe v. Sperling, 228 N.J. Super. 428, 549 A.2d 1275 (Law Div. 1988); Tyler v. N.J. Auto Full Ins. 228 N.J. Super. 463, 550 A.2d 168 (App.Div. 1988). While Rutgers cites these cases, they are not apropos. They simply reflect the clear language of the UIM statute which provides:
A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsurance motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery.
In the present case the tortfeasor was underinsured since her liability insurance limits were less than the Goughan's UIM limits.
*647 In Longworth v. VanHouten, 223 N.J. Super. 174, 538 A.2d 414 (App.Div. 1988), a tortfeasor had liability coverage of $15,000/30,000, an injured plaintiff $50,000/100,000 UIM coverage. Plaintiff was offered $15,000 by the tortfeasor's carrier in return for a general release which she refused to sign. The $15,000 was then paid into court. Nash v. Prudential Property & Casualty Insurance Company was consolidated with Longworth. In Nash, the tortfeasor was covered by a $15,000/30,000 policy while Nash carried UIM coverage of $50,000/100,000. Nash, unlike Longworth, accepted $15,000 from the tortfeasor's insurer, in exchange for a general release. In both Longworth and Nash, the question was whether the settlement with the tortfeasor's carrier barred recovery under the UIM policies, both of which contained provisions requiring the consent of the UIM carrier to the settlements. Also involved was the question of the amount of the deduction available to the UIM carriers as a result of the tortfeasor's liability coverage limits.
The Longworth court, in language relied upon by Rutgers, the UIM carrier here, said:
We thus construe the statute as intended only to limit the amount recoverable under the UIM coverage by requiring deduction of the tortfeasor's full available policy limit, whether or not that limit is actually paid to the victim. [223 N.J. Super. at 192, 538 A.2d 414]
The court, in construing the statute, was dealing with its so-called "exhaustion language" which provides that
[a] motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of settlements or judgments. [N.J.S.A. 17:28-1.1(e)]
A literal reading of the Longworth language would support Rutgers' argument in the present case, namely, that $30,000 should be credited against the amount of the UIM coverage. This was the "full available policy limit," though not "actually paid to the victim." That reading, however, is neither fair nor accurate.
*648 In the first place, Longworth and Nash both involved single victims of automobile accidents. The moneys available in accordance with the tortfeasor's liability-policy limits were not reduced by any moneys paid to any other accident victims. The total amount available to each plaintiff in those cases was $15,000, that being the policy limit for one person injured in an accident. Thus the "full available policy limit" to both Longworth and Nash was $15,000 and the language of the opinion "whether or not that limit is actually paid to the victim" referred to Longworth who had not been paid, but whose total recoverable moneys were paid into court. In short, if Longworth eventually recovered less than $15,000 by settlement or otherwise, from the tortfeasor's liability carrier, the UIM carrier would be entitled nevertheless to a credit of $15,000. Longworth did not decide the question presented here.
The Longworth language, properly applied in the present circumstances, permits the UIM carrier a credit of only $15,000 against its UIM coverage. It is "the tortfeasor's full available policy limits" insofar as the Goughans are concerned. That result is required by the language of the statute which provides:
A motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of settlements or judgments. [N.J.S.A. 17:28-1.1(e)]
The insurance "limits" applicable here, at the time of the accident, have been "exhausted" by the payment in settlement of the Dombrowsky claim to the extent of $15,000, leaving $15,000 available to the Goughans. The final sentence of the statute confirms this reading. It says:
The limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds. [Ibid.]
The amount which the Goughans can recover "under all bodily injury liability insurance" is only $15,000.
*649 Our courts encourage the settlement of claims. They will not interfere with an insurer's settlement of the claim of one of several persons injured by a tortfeasor notwithstanding the fact that the settlement may deplete or exhaust the insurance proceeds available to others. Thus, in Liguori v. Allstate Ins. Co., 76 N.J. Super. 204, 184 A.2d 12 (Ch.Div. 1972), the court said:
[T]here is no right in such a claimant to interfere with distribution merely because such claimant diminishes the fund. Thus pro rata distribution in such circumstances is not required. [at 212, 184 A.2d 12]
See also Clarke v. Brown, 101 N.J. Super. 404, 244 A.2d 514 (Law Div. 1968). Consequently, in the present case, the Goughans could not control the settlement made by Cigna with Dombrowsky, even had it exhausted all moneys available to them under the tortfeasor's liability policy.
It would be unfair and an abuse of the statutory policy to permit a deduction by the UIM carrier of the full limits of the tortfeasor's policy when those limits are not available to its insured. It is the amount which can be recovered (the "full available policy limit") by the UIM insured from the tortfeasor's insurer which is to be deducted from the amount of the UIM coverage. In the present case, that amount is $15,000, not $30,000.