633 A.2d 1033

KIMBERLY HARMON AND MICHAEL LANGO, PLAINTIFFS–APPELLANTS, v. NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION AND MARKET TRANSITION FACILITY OF NEW JERSEY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 5, 1993—Decided December 1, 1993.

---

[7] If plaintiff still wants and requires the assistance of the court to compel defendants to disclose the present whereabouts of the car, no doubt that assistance can be obtained by an appropriate application.

Before Judges STERN, KEEFE and BILDER.

*Rosemarie Arnold* argued the cause for appellants.

*Thomas A. Harley* argued the cause for respondents (*Althear A. Lester,* attorney).

The opinion of the court was delivered by

KEEFE, J.A.D.

The issue presented by this appeal is this: Can an injured claimant, who carries basic underinsured motorist (UIM) coverage of $15,000/$30,000, claim that the responsible tortfeasor, who also carries basic liability insurance coverage of $15,000/$30,000, is underinsured when the claimant receives less than the tortfeasor's single limit coverage in settlement because there were multiple claimants having claims worth more than $30,000? We conclude that the tortfeasor is not an underinsured in such circumstances, and the injured claimants cannot receive UIM benefits. Thus, we affirm the judgment entered in favor of defendants.

Plaintiff Michael Lango was the operator of a motor vehicle that collided with another vehicle owned and operated by Patricia Okibedi. Plaintiff Kimberly Harmon was a passenger in the Lango vehicle.

At the time of the accident, Okibedi was insured by the Market Transition Facility of New Jersey (MTF) with policy limits for bodily injury of $15,000 per person or $30,000 per accident. MTF offered the full amount of the policy ($30,000), to settle the claims of plaintiffs Lango and Harmon, and a third claim asserted by a passenger in the Okibedi vehicle. Lango received $8,700 of those proceeds and Harmon received $13,200.

At the time of the accident, Lango was insured by the New Jersey Automobile Full Insurance Underwriting Association (JUA) with liability policy limits of $15,000 per person and $30,000 per accident. He also had UIM limits of $15,000/$30,000. Harmon was insured by the MTF with bodily injury liability and UIM limits of $15,000/$30,000.

Following their settlement with Okibedi, plaintiffs sought UIM benefits from their respective insurers. When the MTF and JUA refused to accept such claims, plaintiffs brought this action to compel defendants to arbitrate their UIM claims. Judge Marguerite Simon denied plaintiffs' application and dismissed that portion of their amended complaint which sought UIM benefits.

■ Plaintiffs appeal from that decision and contend that *N.J.S.A.* 17:28–1.1e permits them to receive UIM benefits for the difference between the amount received in settlement and their respective $15,000 UIM single limit coverage. We disagree with plaintiffs' argument and affirm essentially for the reasons stated by Judge Simon in her bench opinion of December 18, 1992.

*N.J.S.A.* 17:28–1.1e provides in applicable part:

A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies *available to a person against whom recovery is sought* for bodily injury or property damage is, at the time of the accident, *less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery.* A motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of settlements or judgments. The limits of underinsured motorist coverage *available to an injured person shall be reduced by the amount he has recovered* under all bodily injury liability insurance or bonds[.] [emphasis added.]

Applying the language of the statute to the facts of this case, the "sum of the limits" of the coverage "available to [the] person against whom recovery is sought" (Okibedi) was $15,000/$30,000, which is identical to and, therefore, not "less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery" (Lango and Harmon). *N.J.S.A.* 17:28–1.1e. Where the policy limits of the tortfeasor are more "or the same as the underinsured motorist policy limits" then the tortfeasor is not underinsured within the meaning of the statute. *Wolfe v. Sperling Agency, Inc.,* 228 *N.J.Super.* 428, 435, 549 *A.2d* 1275 (Law Div. 1988).

■ The fact that the amounts of the settlements received by plaintiffs were less than Okibedi's per person liability limit of $15,000 because of a payment to a third claimant is of no moment. The plain language of the statute provides that a tortfeasor is not an underinsured motorist unless the tortfeasor has "less" coverage "at the time of the accident" than the person seeking UIM benefits. The comparison of policy limits required by *N.J.S.A.* 17:28–1.1e is determined by the "actual tortfeasor's policy limits and not by the settlement amounts paid to the injured party." *Gold v. Aetna Life & Casualty Ins. Co.*, 233 *N.J.Super.* 271, 277, 558 *A.2d* 854 (App.Div.1989). In *Tyler v. New Jersey Auto. Full Ins. Underwriting Assoc.*, 228 *N.J.Super.* 463, 550 *A.2d* 168 (App. Div.1988), we observed:

> The statute produces the same result if there is one injured claimant or many, or if the amount of damages exceed the tortfeasor's liability limits, or even if multiple claims against one tortfeasor are, because of his liability limits, settled for amounts which are individually less than the underinsured motorist coverage available from the claimants' policy. A tortfeasor is not underinsured relative to plaintiffs' damages, or relative to the judgment or judgments against him, but rather relative to the limits of the underinsured motorist coverage purchased by or for the person seeking recovery. *Id.* at 466, 550 *A.2d* 168.

■ Plaintiffs' reliance upon *Filippatos v. Selective Ins. Co.*, 241 *N.J.Super.* 236, 574 *A.2d* 1002 (App.Div.1990); *Nikiper v. Motor Club of America Cos.*, 232 *N.J.Super.* 393, 557 *A.2d* 332 (App.Div.), *certif. denied*, 117 *N.J.* 139, 564 *A.2d* 863 (1989); and *Goughan v. Rutgers Casualty Ins. Co.*, 238 *N.J.Super.* 644, 570 *A.2d* 501 (Law Div.1989), is misplaced. Those cases address the question of a claimant's entitlement to UIM benefits *after* it has been determined that the tortfeasor was in fact underinsured resulting from a comparison of the claimant's UIM policy limits and the tortfeasor's liability policy limits as of the date of accident.

Plaintiffs also maintain that an affirmance of the Law Division judgment renders all UIM coverage of $15,000/$30,000 in this State useless. Plaintiffs argue that there will never be a situation in which the insured can benefit from such coverage in view of the fact that the minimum required liability policy limit in this State is also $15,000/$30,000.

This argument is unavailing. For example, counsel agreed at oral argument that New York permits minimum single limit coverage of $10,000. Thus, a New Jersey resident having basic UIM coverage involved in an accident with a New York vehicle in New York would receive benefits under a policy providing the minimum UIM coverage. Indeed, the same would hold true if the accident occurred in New Jersey with a New York vehicle, or with a vehicle from any other State with less than $15,000 single limit liability coverage, and insured by a company not authorized to do business in New Jersey. *See N.J.S.A.* 17:28–1.4. Further, there is no evidence in the record to indicate that the premium assigned to the basic UIM coverage by plaintiffs' insurance companies did not reflect the minimal risk attendant to such coverage.

Affirmed.