**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3896-15T3

HACKENSACK SURGERY CENTER
a/s/o CHRISTINA PEREIRA,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant-Appellant/
    Cross-Respondent.

_____

Argued April 4, 2017 — Decided September 5, 2017

Before Judges Reisner and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Docket No. L-
3829-15.

Robert A. Cappuzzo argued the cause for
appellant/cross-respondent (Chasan Leyner &
Lamparello, attorneys; Mr. Cappuzzo, of
counsel and on the brief; Richard W. Fogarty,
on the brief).

Julie Lefkowitz argued the cause for
respondent/cross-appellant.

PER CURIAM

Defendant Allstate Insurance Co. (Allstate) appeals from an April 7, 2016 order compelling it to comply with a personal injury protection (PIP) arbitration award to pay $2,036.99, plus interest, attorney's fees and costs, to plaintiff Hackensack Surgery Center (HSC) as subrogee of Christina Pereira. HSC cross-appeals a provision of the same order that denied its request for attorney's fees and costs related to its efforts to confirm the arbitration award. Having considered the record and applicable law, we affirm.

I.

On March 31, 2013, Pereira was involved in an automobile accident, which resulted in her receiving medical treatment with various providers. She was insured under a policy by Allstate that provided PIP benefits totaling $15,000 per accident. Allstate denied payment to HSC, one of Pereira's treatment providers, based on its determination that the treatment rendered on September 4, 2013, and totaling $8,527.07, was not medically necessary. HSC filed a demand for arbitration to be conducted by Forthright Solutions (Forthright). Prior to the August 6, 2015 arbitration hearing, Allstate advised that there was $2,132.74 in remaining PIP benefits due to prior payments totaling $12,867.26.

During the pendency of HSC's claim, another one of Pereira's treatment providers, Thermocare Plus, LLC (Thermocare) sought to

reverse Allstate's denial of its bill totaling $2,032.74 for services rendered on September 27, 2013, by utilizing Allstate's internal appeals process. In a letter dated August 21, 2015, Allstate advised Thermocare that the previous denial was "overturned" and placed Thermocare's "bill in line for processing." The record does not indicate the time of day that Allstate decided to pay Thermocare or issued the letter notifying Thermocare.

On the same date of Allstate's letter to Thermocare, the arbitration award - dated the day before, August 20 - was electronically transmitted to HSC and Allstate at 12:29 p.m. The arbitrator determined that, based upon review of the medical records, Allstate's internal appeals process, and relevant case law and state statutes, HSC's treatment to Pereira was medically necessary and awarded HSC the full amount it sought, $8,438.58, plus interest. He noted, however, that since $12,867.26 of the $15,000 PIP benefits had already been paid, the award to HSC was subject to "the policy limits for medical payments, still available to [HSC] at the time of the award." HSC was also awarded attorney's fees and costs totaling $1325 under N.J.S.A. 39:6A-5(h).

On August 28, 2015, seven days after receipt of the arbitration award and the date of the internal appeal decision approving payment to Thermocare, Allstate paid Thermocare

$2,032.74, plus interest. Allstate subsequently complied with the arbitration award on September 15, 2015, by processing a payment to HSC in the amount of $100, plus interest, reflecting the amount of the remaining PIP benefits.

Dissatisfied with Allstate's decision to pay Thermocare's bill before paying the arbitration award, HSC filed an order to show cause contending that it should have been paid first, and sought an additional payment of $2,036.99, as well as attorney's fees and costs caused by its further legal action. Following argument on April 7, 2016, the trial judge issued an order and rendered an oral decision requiring Allstate to pay HSC an additional $2,036.99 that was "remaining on the date of the [August 21, 2015] arbitration award," and denied HSC's request for additional attorney's fees and costs. The judge noted the uniqueness of this situation and in the absence of guiding case law, and reasoned:

> When [August 21, 2015,] came around[,] somebody at Allstate . . . could have [seen] we have a problem here. We're only sitting on $2,036.99. We've got this [Thermocare] bill [,] which we are in the process of committing to pay, or we've already committed to pay it, and now we've been told as part of an arbitration proceeding that we have to pay this $8,000 to [HSC]. . . . I understand the mechanism was put in place to pay [Thermocare] but the check hadn't been issued. There could have been a stop . . . payment of the check.

And I don't believe the equitable outcome occurred here.

I'm not in any way saying that Allstate engaged in any sort of bad faith or that Allstate said, you know what[,] let's stick it to [HSC] for taking us to arbitration. Let's beat them out of money and give it to [Thermocare]. . . . But that's not the ultimate deciding point. The point is there [were] certain limited funds and there were bills that needed to be paid [by] Allstate, and there wasn't enough money to pay both of them in full. In fact, there wasn't enough money to pay either one of them in full.

. . . .

So, what I'm going to do is I'm going to rule in favor of [HSC]; however, I'm going to direct that the remaining $2036.99 be used to pay the [HSC] bill.

I'm not awarding legal fees on top of that. I think that would unfair to Allstate. Allstate is already paying more than their policy limit.

This appeal and cross-appeal followed.

## II.

In its appeal, Allstate contends that the trial court's order is contrary to Endo Surgi Ctr., P.C. v. Liberty Mut. Ins. Co., 391 N.J. Super. 588, 594 (App. Div. 2007), because it had depleted the PIP benefits under Pereira's policy limits by paying Thermocare and that requiring payment to HSC would result in PIP payments beyond the policy limits. Allstate also argues that under Forthright's rules, it had thirty-five days to seek

modification/clarification of the arbitration award with the arbitrator, and under and N.J.S.A. 2A:23A-13 and N.J.A.C. 11:3-5.6(f), it had forty-five days to vacate, modify, or correct the arbitration award to the Superior Court, thus it was under no obligation to comply with the arbitration award to pay HSC when the award was received on August 21, 2015. Thermocare's bill was approved for payment on that same day, Allstate maintains that it satisfied N.J.S.A. 39:6A-6, by paying Thermocare the balance of the PIP benefits available when Thermocare's bill had accrued.

Since the salient facts are not in dispute, and the issue presented is a question of law, which we review de novo. Davis v. Devereux Found., 209 N.J. 269, 286 (2012). We begin with the understanding that, absent bad faith, an insurer may settle with one or more claimants, notwithstanding that the settlements may exhaust the policy limits. Goughan v. Rutgers Cas. Ins. Co., 238 N.J. Super. 644, 649 (Law Div. 1989) (limiting an underinsured motorist carrier's credit against the tortfeasor's liability insurance policy to the amount that remains available to the injured party after the tortfeasor's insurer made payments to other injured victims of the accident). PIP benefits, which are provided regardless of fault, are governed by the collateral source rule in the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-1 to -35. Rivera v. Morales, 373 N.J. Super. 494,

497 (App. Div. 2004). Such benefits shall be payable "as [the] loss accrues, upon written notice of such loss," N.J.S.A. 39:6A-6, and "without the need or determination of fault or other time-consuming litigation." Id. at 500.

Absent any guidance by statute, regulation, or legislative history, we construe the phrase "as [the] loss accrues," N.J.S.A. 39:6A-6, to require the insurer to pay PIP benefits immediately upon determination that the loss is due and owing, without consideration that the loss may also be covered by another source, subject, however, to the insurer recouping the amount paid from either the insured, if the insured received payment from another source stated in the statute, or from the other source itself. See Toppi v. Prudential Ins. Co. of Am., 153 N.J. Super. 445, 450 (Cty. D. Ct. 1977) ("To allow an insurer to unilaterally deduct temporary disability benefits which it deems will be payable to its insured violates the mandate of N.J.S.A. 39:6A-6 which requires the payment of benefits as a 'loss accrues.'").

Applying these principles, we conclude that HSC is entitled to an additional PIP payment of $2,036.99 pursuant to the arbitration. In reaching this decision, we acknowledge that Allstate has already paid this amount to Thermocare and payment to HSC is beyond the policy limits. Yet, under the unique situation here, HSC is entitled to this additional amount based

upon several factors that lead us to determine that HSC's bill was due and owing before Thermocare's bill. HSC's bill was for services rendered before Thermocare provided its services. Allstate received HSC's bill before it received Thermocare's bill. The August 20, 2015 arbitration award stated that payment to HSC was subject to PIP benefits available at the "time of the award," and Thermocare had not been paid or authorized to be paid by the date of the award. There is no proof that Allstate's internal appeal reversal on August 21, 2015, to pay Thermocare was finalized before Allstate received the arbitration award that same day compelling payment to HSC. Allstate did not issue payment to Thermocare until seven days after receiving the arbitration award.

Turning to the cross-appeal, HSC, without citing any legal standard contends that it is customary for attorney's fees and costs to be awarded for a confirmed arbitration award, and that the Legislature's "strong desire to assure accident victims receive prompt and necessary medical care, . . . would be undermined" if attorney's fees and costs are not allowed. We are unpersuaded.

An award of attorney's fees in a PIP action may include counsel's efforts both before the umpire and before the trial court. <u>Allstate Ins. Co. v. Sabato</u>, 380 <u>N.J. Super.</u> 463, 474 (App. Div. 2005). Permitting reimbursement of attorney's fees

reflects "[t]he theory . . . that one covered by a policy is entitled to the full protection provided by the coverage, and that benefit should not be diluted by the insured's need to pay counsel fees in order to secure its rights under the policy." Liberty Vill. Assocs. v. W. Am. Ins. Co., 308 N.J. Super. 393, 406 (App. Div.) (citing Sears Mortg. Corp. v. Rose, 134 N.J. 326, 356 (1993), certif. denied, 154 N.J. 609 (1998). To effect that theory, "[a] successful insured is presumptively entitled to attorney's fees and need not establish that the insurer acted in bad faith or arbitrarily in declining a claim." Sabato, supra, 380 N.J. Super. at 473-74 (citing Liberty Vill., supra, 308 N.J. Super. at 405-06).

Despite the presumption in favor of reimbursement, however, under Rule 4:42-9(a)(6) "the trial judge has broad discretion as to when, where, and under what circumstances counsel fees may be proper and the amount to be awarded." Iafelice ex rel. Wright v. Arpino, 319 N.J. Super. 581, 590 (App. Div. 1999) (citations omitted).

> Factors which the court may consider include: (1) the insurer's good faith in refusing to pay the demands; (2) excessiveness of plaintiff's demands; (3) bona fides of one or both of the parties; (4) the insurer's justification in litigating the issue; (5) the insured's conduct in contributing substantially to the necessity for the litigation on the policies; (6) the general

conduct of the parties; and (7) the totality of the circumstances.

> [Enright v. Lubow, 215 N.J. Super. 306, 313 (App. Div.) (internal citations omitted), certif. denied, 108 N.J. 193 (1987).]

"[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Here, the trial judge denied additional attorney's fees and costs to HSC because of Allstate's good faith in handling HSC's PIP claim and the depletion of available PIP benefits. We do not find sufficient ground to disturb his exercise of discretion in denying reimbursement of additional attorney's fees and costs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION